IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAN WILLEMS,[*] § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:17-CV-132-L** |
| § | |
| YOLANDA WILLIAMS, § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

The court, *sua sponte*, **remands** this action for lack of subject matter jurisdiction for the reasons stated. As the court *sua sponte* remands this action, it **denies as moot** [Plaintiff's] Motion to Remand (Doc. 6).

**I.     Background**

From what the court can ascertain from the record, Dan Willems ("Plaintiff" or "Willems") originally filed this action in the Justice of the Peace Court, Precinct 1, Place 1 in Dallas County, Texas, to evict Yolanda Williams ("Williams" or "Defendant") from the property located at 10519 Leroy Court, Dallas, Texas ("Property"). The justice court entered a judgment of eviction against Williams, and she appealed to County Court at Law No. 4. Ultimately, the judge of County Court No. 4 set the matter for trial for January 13, 2017. On January 12, 2017, Williams removed the eviction appeal to federal court.

---

[*] In his motion to remand, Willems incorrectly lists himself as the defendant. Williams is the defendant, and Willems is the plaintiff. Williams did not file a response to the remand motion.

**Memorandum Opinion and Order – Page 1**

**II.     Jurisdictional Standard**

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties.  28 U.S.C. §§ 1331, 1332.  Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking.  *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).  A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction.  *Kokkonen*, 511 U.S. at 377 (citations omitted).  "[S]ubject-matter jurisdiction cannot be created by waiver or consent."  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

Federal courts may also exercise subject matter jurisdiction over a civil action removed from a state court.  Unless Congress provides otherwise, a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case.  *Ruhgras AG v. Marathon Oil Co.*,

**Memorandum Opinion and Order – Page 2**

526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.") (citation omitted).

In considering whether to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001) (citation omitted). The district court is entitled to consider disputed facts as well as undisputed facts in the record and make findings of fact related to the jurisdictional issue. *Clark v. Tarrant Cnty.*, 798 F.2d 736, 741 (5th Cir. 1986). All factual allegations of the complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

### III. Discussion

#### A. Federal Question Jurisdiction

The court, in examining the record, first determines whether Williams has set forth any basis for this court to exercise removal jurisdiction based on a federal question. For the reasons that follow, Williams has presented no facts or allegations to support federal question jurisdiction.

Whether an action "arises under" federal law and creates federal question jurisdiction over a case removed from state to federal court, or one originally filed in such court, ordinarily "must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted). In other words, the pleading must "raise[] issues of federal law sufficient to support federal question jurisdiction*." Rodriguez v. Pacificare of Tex.*, 980 F.2d 1014, 1017 (5th Cir. 1993).

Nothing in Williams's Notice of Removal sets forth any basis for federal question jurisdiction. She has not in any manner set forth allegations to contend that Plaintiff's claims arise under the "Constitution, laws, or treaties of the United States." As she raises no such claim, the court lacks federal question jurisdiction. The court now turns to whether it has diversity jurisdiction.

### B.      Diversity Jurisdiction

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity mandates remand or dismissal of the action. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991). A notice of removal "must allege diversity both at the time of the filing of the suit in state court and at the time of removal." *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993) (quotation marks and citations omitted). Such failure, however, is a procedural defect and may be cured by filing an amended notice. *Id.* n.4.

A natural person is considered a citizen of the state where he or she is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "'Citizenship' and

**Memorandum Opinion and Order – Page 4**

'residence' are not synonymous." *Parker v. Overman*, 59 U.S. 137, 141 (1855). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)).

For diversity purposes, the amount in controversy normally is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. 28 U.S.C. § 1446(c)(2); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995). In a removal case, when the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that "the amount in controversy exceeds the [$75,000] jurisdictional amount." *St. Paul Reinsurance*, 134 F.3d at 1253. "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount of the claim will exceed [the jurisdictional amount]." *De Aguilar*, 47 F.3d at 1412 (footnotes omitted). The test to be used by the district court is "whether it is more likely than not that the amount of the claim will exceed [the jurisdictional amount]." *St. Paul Reinsurance*, 134 F.3d at 1253 n.13.

As the Fifth Circuit has stated, "[t]he district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is

**Memorandum Opinion and Order – Page 5**

not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *Id.* at 1253. If a defendant fails to establish the requisite jurisdictional amount, the court must remand the case to state court. If a defendant establishes that the jurisdictional amount has been met, remand is appropriate only if a plaintiff can establish "to a legal certainty" that his recovery will not exceed the jurisdictional threshold. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387-88 (5th Cir. 2009).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance*, 134 F.3d at 1253 (footnote omitted). Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

Williams sets forth no allegations or facts to indicate that she and Willems are citizens of different states. Further, based on what is in the record, the court can reasonably infer that both Willems and Williams are citizens of Texas, and, therefore, diversity of citizenship is lacking, which alone is sufficient for the court to conclude that it cannot exercise diversity jurisdiction.

Moreover, with respect to the amount in controversy, Williams does not meet her burden. Williams is a "tenant at sufferance" under Chapter 24 of the Texas Property Code as a result of the successful forcible detainer filed in the justice court. This and other courts in the Northern District of Texas have consistently held that the amount in controversy in a forcible detainer action is not the value of the property itself but instead the value of the right to occupy or to immediately possess

the property. *Wells Fargo Bank v. Matts*, No. 3:12-cv-4565-L, 2012 WL 6208493, at *5 (N.D. Tex. Dec. 13, 2012) (collecting cases). As Williams is a "tenant at sufferance" under Chapter 24 of the Texas Property Code, the only question regarding the amount in controversy is the value of the right to immediate possession or occupancy of the property. Williams fails to allege any amount with respect to the value of her right to immediate possession or occupancy of the Property. As she has not satisfied her burden establishing that the amount in controversy exceeds $75,000, the court lacks subject matter jurisdiction over this action.

## IV.   Conclusion

For the reasons stated herein, the court **concludes** that it lacks subject matter jurisdiction to entertain this removal action. The court does not have federal question or diversity jurisdiction. Accordingly, the court **remands** this action to the County Court at Law No. 4, Dallas County, Texas. The court **directs** the clerk of court to remand this action in accordance with the usual procedure. The court **denies as moot** [Plaintiff's] Motion to Remand (Doc. 6).

*Plaintiff has not requested attorney's fees and costs incurred as a result of the improper removal, and the court awards none. Williams, however, is placed on notice that if she files any other document pertaining to this action without legal justification, the court will impose monetary sanctions and any other sanctions it deems appropriate against her.*

**It is so ordered** this 16th day of February, 2017.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 7**